UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN LEE FRIEDERICH-TIBBETS,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN MIKE LARSON *et al.*,<br><br>Defendants. | Case No. C07-5209BHS/JKA<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**May 30, 2008** |

     This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Defendants have moved for summary judgment and supported that motion with affidavits and exhibits which show that two of plaintiff's claims, a claim for excessive use of force and a claim for inadequate medical care, have not been administratively exhausted. Defendants also show the remaining two claims, frequency of showers and classification, fail to state a claim. The court therefore recommends this action be dismissed. Plaintiff has not responded to the motion for summary judgment.

     Local Rule 7 (b)(2) states that if a party fails to file papers in opposition to a motion that failure may be taken as an admission that the motion has merit. Here, the court adopts defendant's statement of the facts as they are unopposed. The court provides the following synopsis of the facts

REPORT AND RECOMMENDATION- 1

from defendant's motion for summary judgment (Dkt # 46, pages 2 to 5).

## FACTS

Over ten years ago Plaintiff was in an accident and lost a leg. The accident also left him with paralysis in his right arm. Plaintiff has been incarcerated repeatedly and is well known to jail officials. This action involves plaintiff's incarceration in the Pierce County Jail which began February 10, 2004. On February 10, 2004 plaintiff was arrested for assault of a health care professional.

Plaintiff was seen by medical staff the same day he was booked. A follow up appointment was made for two days later but plaintiff refused to attend that appointment. Eleven days later plaintiff filed a grievance claiming he was not receiving medical attention. Plaintiff was seen four days later which would have been around February 25, 2004. Pain medication was prescribed. On February 26, 2004 plaintiff was observed cheeking his medication and selling it to another inmate. Plaintiff filed several grievances regarding medical treatment, but he did not appeal any of these grievances beyond the initial level.

Plaintiff was sent to segregation for his behavior, selling medication to others. One week later, plaintiff's segregation housing assignment was extended for at least 30 days when a wheelchair his family had sent in for his use was searched and contraband was found. The contraband was one hundred cigarettes and 45 matches. Plaintiff filed numerous original grievances regarding his placement in segregated housing and his classification. At least one grievance was appealed beyond the initial level. Defendants treat this claim as exhausted (Dkt # 46, page 8).

On March 8, 2004 plaintiff began yelling and banging on his cell door. He refused orders to stop disturbing the unit. A decision to place him in a restraint chair on a lower unit was made. While plaintiff was being transported down a flight of stairs to the lower unit plaintiff shifted his weight and lunged. Plaintiff fell with two escorting officers falling with him. While plaintiff filed multiple grievances regarding this incident he did not appeal the use of force portion of his grievance on appeal. On appeal the only issues were classification and frequency of showers (Dkt # 46, page 5).

While plaintiff contends he must have a wheel chair to shower and could only use one shower

REPORT AND RECOMMENDATION- 2

in the jail, because it had horizontal bars, Defendants show plaintiff was able use any shower and even when the accommodations he requested were provided plaintiff often refused showers. The parties agree plaintiff was not offered daily showers. Defendants consider this claim exhausted.

### STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630 (relying on Anderson, supra). Conclusory, nonspecific statements in affidavits

REPORT AND RECOMMENDATION- 3

are not sufficient, and "missing facts" will not be "presumed." <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 888-89 (1990).

DISCUSSION

A. <u>Use of force and medical services, failure to exhaust administrative remedies</u>.

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter v. Nussle</u>, 534 U.S. 516 (2002) (quoting <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)). The <u>Porter</u> Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." <u>Porter</u>, 534 U.S. at 520.

Plaintiff has not exhausted his administrative remedies with regards to his use of force or medical services claims. The defendant's motion to dismiss these two claims for failure to exhaust should be **GRANTED.** This would be **DISMISSAL WITHOUT PREJUDICE.**

B. <u>Classification</u>.

Plaintiff has no constitutional right to be held in any specific level of custody or at any specific prison. <u>Hewitt v. Helms</u>, 459 U.S. 460, 467-68, (1983): Nor does an inmate have a protected liberty interest in classification. <u>Olim v. Wakinekona</u>, 461 U.S. 238 (1983); <u>Hewitt v. Helms</u>, 459 U.S. 460 (1983): <u>Meachum v. Fano</u>, 427 U.S. 215 (1976).

Thus, being placed in segregation or in an intensive management unit does not state a cause

REPORT AND RECOMMENDATION- 4

of action. This is true, even if the transfer results in grievous hardships. Mecham v Fano, 427 U.S. at 224 (1976). This issue fails to state a claim. **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT**.

C.   Showers.

Plaintiff alleges other inmates are allowed to shower every day. Plaintiff alleges he requires a wheel chair and a shower with horizontal bars. Plaintiff alleges he was not allowed to shower every day but only twice a week. Defendants show that even when plaintiff was given a wheel chair and shower with horizontal bars he often refused showers.

Plaintiff has failed to show a violation of a constitutional right owed to him. The number of showers Americans take is, for the most part, a cultural matter. Many cultures find one bath or shower a week sufficient. Indeed, at least one circuit court has also found one shower a week constitutional. Henderson v. Lane, 979 F.2d 466 (7th Cir. 1992).

Plaintiff fails to show allege any injury as a result of limiting the number of showers he was allowed. This claim fails to state a claim. **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 30, 2008,** as noted in the caption.

DATED this 7 day of May, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5